UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE JAMES KING,

                    Plaintiff,

          v.                                        Case No. 24-cv-284-pp

MICHAEL FERGUSON, *et al.*,

                    Defendants.

**ORDER DIRECTING CLERK TO ENTER DEFENDANT ROMAN-GUILLONTA'S DEFAULT, SETTING DEADLINE FOR PLAINTIFF TO MOVE FOR DEFAULT JUDGMENT AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 30)**

On January 14, 2025, the court ordered defendant Aida Roman-Guillonta to "answer or otherwise respond to the second amended complaint . . . by the end of the day on February 14, 2025." Dkt. No. 38 at 3. In that order, the court explained that the U.S. Marshals Service had served the complaint personally on Roman-Guillonta on September 4, 2024, but that she had not responded. Id. at 1-2 (citing Dkt. No. 28). The court explained that if the court did not "receive from defendant Roman-Guillonta an answer, a motion or a request for an extension of time to file an answer or a motion, the clerk will enter default against her, and the plaintiff may move for default judgment against defendant Roman-Guillonta." Id.

The February 14, 2025 deadline has passed, and the court has not heard from defendant Roman-Guillonta. The court sent the January 14, 2025 order to defendant Roman-Guillonta at Amergis in Wauwatosa, which is the address that

1

the Wisconsin Department of Justice provided in its Amended Acceptance of Service declining to accept service on behalf of defendant Roman-Guillonta. Dkt. No. 26. No attorney has appeared on Roman-Guillonta's behalf, and she has neither filed an answer to the second amended complaint nor requested additional time to do so. The court will enforce its previous order and direct the Cerk of Court to enter defendant Roman-Guillonta's default under Federal Rule of Civil Procedure 55(a). The plaintiff may move for default judgment against defendant Roman-Guillonta under Federal Rule of Civil Procedure 55(b) by the deadline the court will set below. If the plaintiff does not file a motion in time for the court to receive it that deadline, the court will dismiss defendant Roman-Guillonta and this case will proceed only against the other defendants.

The plaintiff also moves for appointment of counsel. Dkt. No. 30. The plaintiff says that his case is complex and that the defendants are represented by "at least 3 trained attorneys in different locations." Id. at 1. He says that counsel for defendant Dmitry B. Chester has prematurely served him with interrogatories requesting his medical records from as early as August 2014. Id. at 2. The plaintiff says that he is not sure whether he should release this information to the defendants. Id. at 3. He reiterates that this "is a complex case resulting in multiple injuries with several defendants represented by multiple lawyers." Id. The plaintiff says he wrote letters to three attorneys asking them to represent him, but that none of them responded. Id. at 3–4. He asserts that based on his incarceration status and because of the complexity of his case, he needs an attorney to help him litigate it effectively. Id. at 4.

2

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate

those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first Pruitt inquiry. He lists three attorneys whom he contacted about representing him in this case, and he included the contact information where he sent those letters. He says he did not receive a response from any of the attorneys. The court finds that the plaintiff's efforts show that he attempted to obtain a lawyer on his own before asking for the court's assistance.

But the plaintiff has not satisfied the second Pruitt inquiry. The plaintiff says that this case is too complex for him to litigate on his own because it

4

involves multiple defendants who are represented by at least three attorneys. This fact alone is not sufficient reason for the court to recruit counsel for the plaintiff. The court is aware of the difficulty incarcerated persons face litigating cases on their own. But as the court has explained, the Constitution does not entitle the plaintiff to an attorney to represent him in this civil case, and there are not enough attorneys willing and able to represent the self-represented plaintiffs who want them.

Since the plaintiff filed his motion to appoint counsel, he has been released from incarceration and has provided a new address in Ixonia, Wisconsin. Dkt. No. 35. That means that the plaintiff has access through local libraries and community centers to online legal resources such as https://scholar.google.com/ and https://www.govinfo.gov/app/collection/ uscourts, which permit searches of federal case law. He also may visit law libraries like the one at the Milwaukee federal courthouse, which are staffed by librarians who can assist the plaintiff in finding relevant materials. The plaintiff also may seek limited assistance from the Eastern District of Wisconsin Bar Association's Federal Legal Assistance Program. He can start the process by completing the online form at https://edwba.org/form.php?form_id=15. The court also will enclose a flyer that identifies local free and low-cost legal aid providers that the plaintiff may contact. These available legal services provide resources to help the plaintiff present his case.

This case is at a very early stage. The court has screened the complaint, but not all the defendants have appeared and responded to the complaint. The

plaintiff says that defendant Chester has sent him interrogatories, but as he correctly points out, the court repeatedly has ordered that the parties *must not* begin discovery until the court has issued a scheduling order. See Dkt. No. 11 at 11; Dkt. No. 24 at 2. The court has given the plaintiff a deadline to file a motion for default judgment against defendant Roman-Guillonta; if he does not, the court will dismiss her from this case. After that issue is resolved, the court will issue a scheduling order with additional information and directions for the parties to move forward with this litigation. The court cannot give the plaintiff legal advice regarding how he should respond to discovery requests from the defendants. But the court reiterates that **<u>no party should begin discovery</u>** until the court has issued the scheduling order providing deadlines for discovery and dispositive motions.

As this case progresses, the court will be flexible in giving the plaintiff reasonable additional time if he believes he needs it to litigate the lawsuit. But the legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If that occurs, and if providing the plaintiff with additional time does not help, it may be appropriate for the court to recruit counsel to represent the plaintiff. At this early stage of the proceedings, the court cannot tell whether the plaintiff will need the assistance of counsel to present his case. The court will deny the plaintiff's motion to appoint counsel without prejudice. That means that he may renew

his request later if he still believes he needs counsel's assistance to litigate this case adequately.

The court **ORDERS** that the Clerk of Court must enter defendant Aida Roman-Guillonta's default under Federal Rule of Civil Procedure 55(a).

The court **ORDERS** that the plaintiff may file a motion seeking default judgment against defendant Aida Roman-Guillonta under Federal Rule of Civil Procedure 55(b) by the end of the day on **May 23, 2023**. If the plaintiff does not file a motion for default judgment against defendant Roman-Guillonta in time for the court to *receive it* by the end of the day on May 23, 2023, the court will dismiss defendant Roman-Guillonta, and this case will proceed only against the other defendants.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 30.

Dated in Milwaukee, Wisconsin this 12th day of March, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

7