UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE JAMES KING,

                Plaintiff,

v.                                        Case No. 24-cv-284-pp

MICHAEL FERGUSON, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ROMAN-GUILLONTA (DKT. NO. 40) AND DISMISSING DEFENDANT ROMAN-GUILLONTA**

On March 12, 2025, the court ordered the Clerk of Court to enter defendant Aida Roman-Guillonta's default under Federal Rule of Civil Procedure 55(a) because she did not respond to the complaint by the February 14, 2025 deadline to do so. Dkt. No. 39. The clerk entered Roman-Guillonta's default the same day. In the same order, the court told the plaintiff that by the end of the day on May 23, 2025, he "may move for default judgment against defendant Roman-Guillonta under Federal Rule of Civil Procedure 55(b)." Id. at 2. The court explained that if the plaintiff "does not file a motion in time for the court to *receive it* by [that deadline], the court will dismiss defendant Roman-Guillonta and this case will proceed only against the other defendants." [1] Id. (emphasis in original).

---

[1] The final page of this order incorrectly lists the plaintiff's due date as May 23, 2023. Dkt. No. 39 at 7. But the order's March 12, 2025 entry date makes clear that the correct year for the deadline was 2025.
1
Case 2:24-cv-00284-PP   Filed 07/09/25   Page 1 of 6   Document 41

The May 23, 2025 deadline passed without the court receiving a motion from the plaintiff. The court received the plaintiff's motion on May 28, 2025, though the plaintiff dated and signed it on May 23, 2025. Dkt. No. 40. The one-page motion recounts the court's previous order, then asks "that the court issue in [*sic*] order finding Aida Roman [G]uillonta [i]n default and issue judgment in default for failing to respond to the federal lawsuit here stated above in her personal and professional capacity." Id. The plaintiff seeks $5 million in damages and asks the court to issue an order "finding her default on today's date May 23, 2025." Id. The only attachments to this motion are a certificate of service and the envelope in which the plaintiff mailed his motion. Dkt. Nos. 40-1, 40-2.

The court will deny the plaintiff's motion for default judgment for two, independent reasons. First, the plaintiff did not file his motion in time. The court ordered the plaintiff to file his motion "in time for the court to *receive it* by the end of the day" on May 23, 2025. Dkt. No. 39 at 7. Even if the plaintiff put his motion in the mail on May 23, 2025, the court did not *receive* it until May 28. That may have been sufficient when the plaintiff was incarcerated, but on January 8, 2025 the plaintiff notified the court that he had been released from custody and was living at an address in Ixonia, Wisconsin. Dkt. No. 35. (He since has informed the court in the certificate of service attached to his motion for default judgment that he now is living in Milwaukee. Dkt. No. 40-1.) Because the plaintiff was not incarcerated when the court sent him the previous order or when he mailed his late-filed motion to the court, he does not

2

get the benefit of the "prison mailbox rule," under which "a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies." Taylor v. Brown, 787 F.3d 851, 859 (7th Cir. 2015). Because the court did not receive the plaintiff's motion for default judgment until five days after the May 23, 2025 deadline, the motion is untimely, and the court could deny it for that reason.

But the court also will deny the motion because it does not comply with the requirements of Federal Rule of Civil Procedure 55(b). When reviewing a motion for default judgment under Rule 55(b), the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." Id. But "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). The court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. (quoting Catt, 368 F.3d at 793).

Under Rule 55(b) the clerk must enter judgment for a specific amount "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" and only if the plaintiff provides "an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). The plaintiff's claim is not for a sum certain. His second amended complaint seeks $5 million in punitive and

3

"monetary" damages for a fall and injury that he suffered while incarcerated at the Milwaukee Secure Detention Facility. The second amended complaint does not provide a basis for that specific amount of damages.

Because the plaintiff's claim is not for a sum-certain amount of damages, the court turns to Rule 55(b)(2). Under Rule 55(b)(2), the plaintiff "must establish his entitlement to the relief he seeks." Catt, 368 F.3d at 793. The plaintiff must "introduce evidence on the damages caused" by Roman-Guillonta "as well as on any grounds [he] might have for also obtaining an award of punitive damages." Id. (citing Fed. R. Civ. P. 55(b)(2); Lowe v. McGraw–Hill Cos., Inc., 361 F.3d 335, 339–40 (7th Cir. 2004); and Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 154–55 (2d Cir. 1999)).

The plaintiff has not presented any evidence allowing the court to determine a reasonable amount of damages that defendant Roman-Guillonta should owe the plaintiff. The second amended complaint alleges that two unknown nurses provided the plaintiff inadequate treatment for his injuries on February 5 and 6, 2024. See Dkt. No. 11 at 3–4. It alleges that the first nurse gave the plaintiff only a band-aid after he had fallen off his bunk, hit his head and hurt his back. Id. at 3. According to the plaintiff, the second nurse only told him that he did not have a lower bunk restriction and did not provide him one. Id. at 4. The plaintiff later provided the names Aida Roman and Thomas Sarnowski to be substituted in place of the unknown nurses. Dkt. Nos. 17, 24. But he did not say which nurse worked on which day. This limited information

4

Case 2:24-cv-00284-PP    Filed 07/09/25    Page 4 of 6    Document 41

does not tell the court whether Roman-Guillonta is the nurse that the plaintiff saw on February 5 or February 6, 2024.

Regardless of which nurse was Roman-Guillonta, the second amended complaint does not provide justification for an award of $5 million in punitive damages. Nor does it provide any basis for the court to determine a reasonable amount of damages. The plaintiff's motion for default judgment does not contain any new information (such as medical bills); it merely asks the court to award the plaintiff the $5 million that he seeks in his second amended complaint. The court cannot conclude based on the allegations in the complaint alone that $5 million is a reasonable amount of damages for any injury that the plaintiff believes defendant Roman-Guillonta is responsible for, regardless of which day in February 2024 she saw the plaintiff. And the plaintiff has not provided any other evidence to allow the court to determine what a reasonable amount of damages should be.

Because the plaintiff's motion for default judgment is both untimely and deficient, the court will enforce the previous order, deny the plaintiff's motion and dismiss defendant Roman-Guillonta. This case will proceed against the remaining defendants. The court will enter a separate order setting deadlines to move this case toward resolution.

The court **DENIES** the plaintiff's motion for default judgment against defendant Aida Roman-Guillonta. Dkt. No. 40.

The court **DISMISSES** defendant Aida Roman-Guillonta.

The court will enter a separate order setting deadlines for the remaining parties to complete discovery and file dispositive motions.

Dated in Milwaukee, Wisconsin this 9th day of July, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**