UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE JAMES KING,

                Plaintiff,

v.                                                              Case No. 24-cv-284-pp

MICHAEL FERGUSON, *et al.*,

                Defendants.

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTIONS FOR SUMMARY JUDGMENT (DKT. NOS. 43, 48), AND DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff Kyle James King, who is representing himself, brought this lawsuit under 42 U.S.C. §1983 while he was incarcerated at the Milwaukee Secure Detention Facility (MSDF). The defendants have moved for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before filing the suit. Dkt. Nos. 43, 48. The plaintiff has not opposed the motions. The court will grant the defendants' motions and dismiss this case without prejudice.

**I.    Facts**

    **A.    <u>Procedural Background</u>**

On March 4, 2024, the court received the plaintiff's complaint asserting claims against officials at MSDF. Dkt. No. 1. The plaintiff later filed an amended complaint. Dkt. No. 8. The court dismissed the amended complaint for failure to state a claim and gave the plaintiff a final opportunity to amend his complaint. Dkt. No. 9. On June 4, 2024, the court screened the second amended complaint (Dkt. No. 10) and allowed the plaintiff to proceed on Eighth

Amendment claims against Sergeant Michael Furguson, Heather Paulsen, Dmitry Chester and two unknown nurses at MSDF. Dkt. No. 11. The plaintiff later identified the unknown nurses as Aida Roman and Thomas Sarnowski. Dkt. No. 24. He also notified the court that he had been released from custody and provided his new address on Marietta Avenue in Ixonia, Wisconsin. Dkt. No. 35.

Nurse Sarnowski filed an answer, dkt. no. 29, but Nurse Roman did not appear or respond to the complaint. The court ordered the clerk's office to enter Roman's default and allowed the plaintiff to move for default judgment against her under Federal Rule of Civil Procedure 55. Dkt. No. 39. Although the plaintiff moved for default judgment, the court denied the motion because he did not file it by the deadline the court had given him and the motion did not comply with the requirements of Rule 55(b). Dkt. No. 41. The court dismissed Nurse Roman and allowed the plaintiff to proceed against the other defendants. Id. at 5. The court sent its order to the plaintiff at a new address on 10th Street in Milwaukee; he had provided this address in the certificate of service attached to his motion for default judgment. Id. at 2 (citing Dkt. No. 40-1). That order was not returned to the court as undeliverable.

On July 19, 2025, the court entered a scheduling order setting deadlines for the parties to complete discovery and file dispositive motions. Dkt. No. 42. The order included a deadline of September 23, 2025 for the defendants to move for summary judgment on the ground that the plaintiff had failed to exhaust his available administrative remedies. Id. at ¶1. The court sent that order to the plaintiff at the 10th Street address he had provided. That order also was not returned to the court as undeliverable.

At the September 23, 2025 deadline, defendants Ferguson, Paulsen and Sarnowski (the State defendants) filed a joint motion for summary judgment, dkt. no. 43, and defendant Chester filed a separate motion for summary judgment, dkt. no. 48. The next day, the court ordered the plaintiff "to file a single, combined response to both motions" in time for the court to receive his response by October 23, 2025. Dkt. No. 52 at 1 (emphasis omitted). The court advised the plaintiff that if it did not receive his response in opposition to the defendants' motions by October 23, 2025,

> the court has the authority to treat the defendants' motions as unopposed, accept all facts the defendants assert as undisputed and decide the motions based only on the arguments in the defendants' briefs, without any input from the plaintiff. That means the court likely will grant the defendants' motions and dismiss the case.

Id. at 2. The court sent that order to the plaintiff at the 10th Street address; it has not been returned as undeliverable.

The October 23, 2025 deadline has passed, and the plaintiff has not responded to the defendants' motions or disputed their proposed findings of fact. Consistent with the September 24, 2025 order, the court deems the defendants' motions unopposed and their proposed findings of fact undisputed for purposes of this decision.

  B. <u>Factual Background</u>

The plaintiff was incarcerated at MSDF during all relevant events. Dkt. No. 45 at ¶1. The court allowed the plaintiff to proceed on allegations that on February 5, 2024, he fell from his top bunk at MSDF because of pain in his hand related to surgery he underwent months earlier. Dkt. No. 11 at 3. He claimed that Ferguson moved him to the top bunk despite the plaintiff's medical restriction for a lower bunk, and that Paulsen had disregarded his concerns and request for a lower bunk before his fall. Id. at 3–4, 8. He alleged

3

that Chester and Nurse Sarnowski did not provide him a bottom-bunk restriction before the fall or proper medical treatment for injuries he sustained in the fall. Id. at 4.

The State defendants submitted a declaration from Emily Davidson, who works as a Corrections Complaint Examiner (CCE) for the Department of Corrections and is not a defendant. Dkt. No. 46 at ¶2. Davidson avers that as a CCE, she is primarily responsible for investigating appeals that incarcerated persons submit from the dismissal of their institutional complaints and for recommending decisions and dispositions for approval by the Office of the Secretary. Id. at ¶3. She says that she has "access to the Inmate Complaint Tracking System (ICTS), which is a database that stores all documents and reports submitted and generated through the ICRS [Inmate Complaint Review System]." Id. at ¶5.

Davidson searched the ICTS and found one complaint that the plaintiff had submitted related to his claims in this case. Id. at ¶¶4–9. The plaintiff dated this complaint February 5, 2024, and the complaint examiner received it the next day. Dkt. No. 46-2 at 1, 11. The complaint alleges that a sergeant moved the plaintiff to an upper bunk despite the plaintiff telling him that he had a medical restriction for a lower bunk. Id. at 11. The plaintiff alleged that he wrote to the Health Services Unit, which confirmed his lower-bunk restriction. Id. He stated that when he felt pain in his hand, he fell from his top bunk and hit his head. Id. He reported his fall to officers, and a nurse gave him a Band-Aid and an alcohol pad. Id. But he alleged that "[n]o one [a]ctually looked at [him]." Id. The plaintiff stated that he had submitted a blue slip for medical treatment, and that the attending officers wrote an incident report about his fall. Id.

On February 21, 2024, a complaint examiner reviewed the plaintiff's complaint and recommended that it be dismissed. Id. at 2. The complaint examiner explained that the plaintiff had had a previous bunk restriction but "was not on a lower bunk restriction" at the time of his fall. Id. After the incident, Paulsen provided the plaintiff a new restriction. Id. On February 22, 2024, the reviewing authority (MSDF Warden Steven Johnson) accepted the complaint examiner's recommendation and dismissed the plaintiff's complaint. Id. at 4.

The plaintiff appealed the dismissal of his complaint. Id. at 17. This appeal is dated April 7, 2024, but the plaintiff states in the appeal that on February 25, 2024, he "placed An Appeal in the Mailbox that went un[a]nswered." Id. The plaintiff requested "further medical care," including imaging tests to determine the cause of his pain since his fall. Id.

The CCE office received the plaintiff's appeal on April 12, 2024. Id. at 5. CCE Davidson reviewed the plaintiff's appeal and noted that it was due within fourteen days of the Warden's decision dismissing the complaint. Id. at 6 (citing Wis. Admin. Code §DOC 310.12(1)). But her office did not receive the plaintiff's appeal until April 12, 2024, well past his time to appeal "even taking into account a four day grace period for the 'prison mail box rule.'" Id. Davidson noted that the plaintiff had stated in his appeal that on February 25, 2024, he had "'placed an appeal in the mailbox that went unanswered,' apparently as cause for the late submission." Id. Davidson rejected this request by the plaintiff for good cause to excuse his untimely appeal because he "provided no evidence of an attempted submission through the ICTS on 2.25.2024. And there is no evidence or correspondence or an inquiry to the ICE or CCE office regarding an unanswered submission from 2.25.2024." Id. Davidson

5

recommended that the Office of the Secretary reject the plaintiff's appeal as untimely. Id. The Office of the Secretary accepted that recommendation on April 29, 2024. Id. at 7.

## II. Discussion

### A. Summary Judgment Standard

A party is entitled to summary judgment if he shows that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005).

### B. Exhaustion

Under the Prison Litigation Reform Act, an incarcerated person cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see Woodford v. Ngo, 548 U.S. 81, 93 (2006). To comply with §1997e(a), an incarcerated person must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement "applies to

6

Case 2:24-cv-00284-PP    Filed 11/26/25    Page 6 of 12    Document 55

all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Seventh Circuit Court of Appeals applies a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), and expects incarcerated persons to adhere to "the specific procedures and deadlines established by the prison's policy," King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015) (citing Woodford, 548 U.S. at 93). That means that if the plaintiff failed to complete any step in the prison's exhaustion process before bringing his lawsuit, the court must dismiss his claims. See Perez v. Wis. Dep't of Corrs., 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. See Pavey v. Conley, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)). If the defendants satisfy that burden, the court must dismiss the unexhausted claims and defendants without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

Wisconsin's established complaint review system allows incarcerated persons to submit complaints about policies, rules, living conditions and staff actions at their institutions. Wis. Admin. Code §DOC 310.06. Incarcerated persons must exhaust all administrative remedies that the Department of Corrections has promulgated by rule before starting a civil lawsuit against an officer, employee or agent of the Department. Id. §DOC 310.05. An incarcerated person must submit a complaint within fourteen calendar days of the incident. Id. §DOC 310.07(2). Each institutional complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to

Case 2:24-cv-00284-PP   Filed 11/26/25   Page 7 of 12   Document 55

investigate and decide the complaint." Id. §DOC 310.07(5)–(6). The incarcerated person must appeal any adverse decision within fourteen days of the decision and await a final decision from the Office of the Secretary. Id. §§DOC 310.12 & 310.13. The CCE may accept an appeal submitted more than fourteen days after the reviewing authority's decision if he or she determines that there is "good cause" to excuse the untimely appeal. Id. §DOC 310.12(6). The CCE may recommend rejection of an appeal if it is untimely or if it does not meet other criteria. Id. §DOC 310.12(2), (5).

    C.    Analysis

It is undisputed that the plaintiff submitted only one institutional complaint related to the Eighth Amendment claims on which the court permitted him to proceed. The undisputed facts show that the plaintiff timely submitted his complaint, a complaint examiner recommended dismissing it and the reviewing authority accepted the recommendation and dismissed the complaint.

It also is undisputed that the plaintiff did not timely appeal the dismissal of his complaint. As the court discussed above, Wisconsin's administrative rules require an incarcerated person to appeal an adverse decision from the reviewing authority within fourteen calendar days of the date of that decision. Wis. Admin. Code §DOC 310.12(1). The reviewing authority dismissed the plaintiff's complaint on February 22, 2024. That means that the plaintiff had until March 7, 2024 to appeal the dismissal. It is undisputed that the plaintiff dated his appeal April 7, 2024, and the CCE's office received it on April 12, 2024. CCE Davidson concluded that, even granting the plaintiff a four-day grace period, his appeal was untimely. She recommended that the Office of the Secretary reject the appeal for that reason, and the Office of the Secretary accepted that recommendation.

The Seventh Circuit has explained that "a procedural shortcoming . . . amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming." See Conyers v. Abitz, 416 F.3d 580, 585 (7th Cir. 2005). That is what happened here. Davidson unequivocally recommended rejecting the plaintiff's appeal for violating procedural rules (filing the appeal more than fourteen days after the reviewing authority decision) and did not consider the merits of the appeal. The Office of the Secretary accepted Davidson's recommendation and rejected the appeal. Davidson considered whether to accept the plaintiff's late appeal based on the plaintiff's statement that he had placed an earlier appeal in the prison mailbox on February 25, 2024 but did not receive an answer. She concluded that the plaintiff's statement did not amount to "good cause" to excuse his untimely appeal because he provided no supporting evidence, and there was no evidence in the ICTS supporting his statement.

The court will not second-guess Davidson's decision to reject the plaintiff's appeal, and the plaintiff has provided no reason for the court to do so. As Davidson explained, the plaintiff did not provide any evidence supporting his statement in his late-filed appeal that he had submitted an earlier (and timely) appeal that went unanswered. The plaintiff's "unsworn, uncertified statement" about his earlier appeal is not admissible evidence on which the court may rely in deciding the defendants' motions. Hall v. Wisconsin, Case No. 18-cv-895, 2020 WL 533749, at *2 (E.D. Wis. Feb. 3, 2020); see Zavala-Alvarez v. Darbar Mgmt., Inc., 617 F. Supp. 3d 870, 886 (N.D. Ill. 2022) ("An unsworn statement that lacks a certification under penalty of perjury has no evidentiary value . . . . From an evidentiary standpoint, it's weightless.").

Nor has the plaintiff responded to the defendants' motions for summary judgment and provided evidence to the court supporting his statement that he filed an earlier appeal. He did not submit an affidavit or declaration bolstering the statement in his late-filed appeal, as the court had advised him in the September 24, 2025 order setting his deadline to respond to the defendants' motions for summary judgment. Dkt. No. 52. That affidavit or declaration might have been enough for the court to deny the defendants' motions or to hold an evidentiary hearing before deciding them. See Roberts v. Neal, 745 F.3d 232, 234 (7th Cir. 2014) (reversing grant of summary judgment where parties filed competing declarations about whether plaintiff filed a grievance because "[a] swearing contest requires an evidentiary hearing to resolve").

There is no "swearing contest" between the parties here. The court has only the defendants' undisputed evidence and facts, which show that the plaintiff submitted one appeal from the dismissal of his institutional complaint and that appeal was submitted beyond the fourteen-day deadline allowed under Wisconsin's administrative rules. Davidson rejected the plaintiff's appeal based on that procedural error and did not consider the merits. And it is undisputed that the plaintiff did not submit any other complaint about the claims he raised in this federal lawsuit. The plaintiff's "failure to take a timely administrative appeal within the state system means that he has failed to exhaust his state remedies for purposes of § 1997e(a)." Burrell v. Powers, 431 F.3d 282, 285 (7th Cir. 2005); see Gray v. Poor, Case No. 24-1780, 2025 WL 251162, at *2 (7th Cir. Jan. 21, 2025) (affirming district court's grant of summary judgment where incarcerated plaintiff "produced no admissible evidence that the grievance specialist failed to submit to the grievance manager an appeal that [he] properly filed").

The defendants have satisfied their burden to show that the plaintiff failed to exhaust his administrative remedies for his claims before bringing his lawsuit. They are entitled to judgment as a matter of law. The court will grant their motions and dismiss this case without prejudice. See Ford, 362 F.3d at 401.[1]

### III. Conclusion

The court **GRANTS** the defendants' unopposed motions for summary judgment on exhaustion grounds. Dkt. Nos. 43, 48.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court.* See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff a "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

---

[1] Because the facts are undisputed, there is "no reason to conduct an evidentiary hearing" under Pavey, 544 F.3d 739. Aguirre v. Witek, No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (quoting Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 26th day of November, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**